## THE CHEROKEE.[1]

### (*District Court, South Carolina.* April 19, 1887.)

**1. SALVAGE—SUIT BY MORTGAGOR.**
  A mortgagor, before condition broken, can bring a libel for salvage, he being in the use, possession, and control of the salving vessel.

**2. SAME—RIGHT TO RECOVER.**
  While it may be that the mortgagee of a salving vessel may claim salvage, where the circumstances put the mortgaged property in peril, proof that there exists against the salving vessel a recorded mortgage does not affect the right of the mortgagor to the compensation due for salvage.

In Admiralty. Salvage. Contest between mortgagor and mortgagee of salving vessel.

*Mitchell & Smith,* for libelant.

*Bryan & Bryan,* for claimant.

SIMONTON, J. The libel for salvage being by Thomas Young, owner of steam-tug Monarch, libelant, the respondent proposes to prove that Henry C. Cheves holds a recorded mortgage of the tug, and that as such he, and not his mortgagor is owner. There can be no doubt that, under the law of South Carolina, the mortgagee of a chattel has in him the legal title, and is in a sense the owner of the property. *Levi* v. *Legg,* 23 S. C. 283. Grave doubts are entertained as to the full application of this doctrine to the peculiar chattel called a "ship" or "vessel," and to its adoption and enforcement in a court of admiralty. See *Bogart* v. *The John Jay,* 17 How. 402: "A debt secured by a mortgage of a ship does not give the ownership of it to the mortgagee. He may use the legal title to make the ship available for its payment. A legal title passes conditionally to the mortgagee." Entertaining this doubt, and for the sake of this opinion, expressing no decision upon it, I hold on other grounds that this libel can be maintained by the mortgagor. Whosoever has a qualified property in a salving vessel is entitled to share in the salvage award. He is owner *pro hac.* By qualified property is meant the right to the present use and possession. Thus, one who had hired a ship,

---

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

paying all her expenses but those of marine insurance, was held entitled to the salvage award, to the exclusion of her owner. *The Scout,* L. R. 3 Adm. 512; 41 Law J. Adm. 42; 26 L. T. (N. S.) 371.

The mortgagor of a ship, before condition broken, (as in this case,) has the absolute right to the possession and use of the ship by the terms of his contract. He could maintain a possessory action for her against any one, even his mortgagee. He has thus a qualified ownership in her, and would be entitled to salvage if he earned it. Again, a mortgagor, upon condition broken, can enter into contracts for and for the service of the vessel, and these contracts are his contracts, and bind her and him, and he is entitled to the freight earned, to the exclusion of the mortgagee. *Bogart* v. *The John Jay, supra; Morgan's Assignees* v. *Shinn,* 15 Wall. 110. Nor can the mortgagee intervene, and stop the payment of the money therefrom to the mortgagor, because he has contracted to give him the use and enjoyment of the ship. Salvage is an extraordinary compensation for services of a certain highly-favored character. On what principle can the award for such service be taken away from the mortgagor when he would be entitled to reward for ordinary services?

Put it in another way: Suppose that the property (the salving vessel) is at peril? At whose risk is it,—that is, at whose risk finally? That of the mortgagor; and if the property mortgaged be lost or perish, the security is lost, but the debt remains. Even in South Carolina, the results of emancipation were visited on the mortgagor of slaves, and that, too, after condition broken. *Calhoun* v. *Calhoun,* 2 S. C. 283. While, therefore, I am not prepared to say that the mortgagee of a salving vessel may not claim salvage, where the circumstances put the mortgaged property in peril, I hold that a mortgagor, before condition broken, can bring a libel for salvage, he being in the use, possession, and control of the salving vessel.